Considered by TRUSSELL and LITTLETON.

---

G. F. COSHLAND & CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 214. Promulgated July 21, 1927.

1. The value, if any, of intangible assets acquired for stock *held* not established by the evidence.

2. Petitioner would not be entitled to any allowance for obsolescence of good will on account of prohibition legislation, even if the existence of good will and its cost or March 1, 1913, value had been established. *Appeal of Manhattan Brewing Co.*, 6 B. T. A. 952; *Appeal of Ott Bros. Brewing Co.*, 6 B. T. A. 974.

*Walter J. Hilborn, Esq.*, for the petitioner.
*D. H. Green, Esq.*, for the respondent.

This proceeding is for the redetermination of a deficiency in income and profits tax for the calendar year 1918 in the amount of $5,669.39.

There are two issues presented. First, whether the petitioner may include in its invested capital the amount of $35,000 alleged to represent good will. Second, whether the petitioner may take a deduction from gross income for the year 1918 on account of obsolescence of alleged good will due to prohibition legislation.

### FINDINGS OF FACT.

The petitioner, a New York corporation, was organized in June, 1907, for the purpose of taking over the business of G. F. Coshland & Co., a copartnership, dealers in whiskey and gin. The copartnership of G. F. Coshland & Co., prior to June, 1907, had been in business as liquor dealers for many years. Upon the organization of the petitioner the following resolution was adopted:

WHEREAS this corporation was incorporated under the laws of the State of New York for the purposes set forth in the certificate of incorporation; and

WHEREAS it was the intention of the incorporators, and was one of the purposes set forth in the certificate of incorporation, among other things, to purchase, take over and carry on the business now being carried on by Gilbert F. Coshland and Leopold B. Coshland as copartners under the firm name of G. F. Coshland & Co., at 206 Water Street, in the Borough of Manhattan, City, County and State of New York; and

WHEREAS, the purchase of said business and the assets thereof, is authorized by the certificate of incorporation of this corporation and is necessary for the use and lawful purpose of said corporation, and

WHEREAS, the said Gilbert F. Coshland and Leopold B. Coshland, copartners as aforesaid, have made a proposition in writing for the sale and transfer on their part, and the purchase on the part of this corporation, of the said business as a going concern, including all the assets of said business, whether tangible or intangible except certain accounts, the said transfer to be made on the 1st day of July, 1907, upon certain terms and conditions as more fully appear in the aforesaid proposal and offer which has just been read and spread upon these minutes; and

WHEREAS it appears after due consideration and investigation, that it is necessary and advantageous for the best interests of this corporation, that it acquire and purchase the said business and the assets thereof and take over and carry on the said business; and

WHEREAS in the judgment of this Board of Directors, after careful examination and fair appraisement, this Board is unanimously convinced that the said property is necessary and advantageous for the business of this corporation, and the fair value thereof is the consideration mentioned in the said proposition reckoning the stock of this corporation at par.

Now, THEREFORE be it RESOLVED, subject to ratification by the stockholders of this corporation,

That this Board do accept the aforesaid proposal and offer of Gilbert F. Coshland and Leopold B. Coshland, and do purchase of them, the said business now conducted at 206 Water Street, in said Borough of Manhattan, City, County and State of New York, under the firm name of G. F. Coshland & Co., specified in said proposal, and pay for the same the sum of one hundred ninety thousand five hundred sixty 7/100 Dollars, to be paid over as follows:

Forty-nine thousand five hundred dollars ($49,500) by the issuance of four hundred and ninety-five (495) shares of full paid non-assessable common capital stock of this corporation at the par value of one hundred dollars ($100) per share;

Seventy-five thousand dollars ($75,000)' by the issuance of seven hundred and fifty (750) shares of full paid non-assessable preferred capital stock of this corporation at the par value of one hundred dollars ($100) per share;

Three notes of this corporation bearing interest at six per cent (6%) for the sum of Three thousand five hundred and fourteen and 50/100 Dollars ($3,514.50) each; one of said notes to run for the term of one year from date, one of said notes to run for the term of two years from date, and the third of said notes to run for the term of three years from date, all payable to Leopold B. Coshland. And three notes of this corporation bearing interest at six per cent (6%) for the sum of Ten thousand one hundred seventy-two and 19/100 Dollars ($10,172.19) each; one of said notes to run for the term of one year from date, one of said notes to run for the term of two years from date, and the third of said notes to run for the term of three years from date, payable to Gilbert F. Coshland. And of your corporation assuming all obligations of

said copartnership existing July 1st, 1907, not exceeding the sum of Twenty-five thousand dollars ($25,000). All of said notes are to bear interest from July 1st, 1907;

And that the said stock and the said notes be issued and delivered on July 1st, 1907, to the said Gilbert F. Coshland and Leopold B. Coshland, copartners under the firm name of G. F. Coshland & Co., as set forth in said offer, upon the receipt of said corporation of said bill of sale, the transfer to take effect on the 1st day of July 1907.

And the President and Treasurer of this corporation, or either of them, are hereby authorized, empowered and directed upon the execution and delivery of the proper legal instrument or instruments necessary to convey and transfer said property as set forth in said proposition and offer, to issue and deliver in accordance with this resolution, the stock and notes therein specified.

And the President and Treasurer are hereby authorized and directed to deliver said certificates of stock and said notes at once to David J. Gallert, Esq., in escrow to be by him delivered to said Gilbert F. Coshland and Leopold B. Coshland on July 1st, 1907, on receipt by them of satisfactory proof that said bill of sale from said copartnership has likewise been delivered to said David J. Gallert in escrow, by him to be delivered to the said corporation on July 1st, 1907, and provided the said David J. Gallert acknowledges in writing that he holds said certificates of stock and said notes and said bill of sale to be by him delivered as herein provided on July 1st, 1907.

Pursuant to the terms of this resolution, all of the assets of the copartnership of G. F. Coshland & Co., were on July 1, 1907, transferred to the petitioner, which continued the business of dealer in whiskey and gin until June 1, 1919, at which time due to prohibition legislation it discontinued the business.

At the time of taking over the assets of the copartnership, the petitioner set up on its books the amount of $35,000, as representing good will and trade brands acquired at that time. There are no admissions in the pleadings nor was any evidence presented showing the value of either the tangible or intangible assets acquired by the petitioner from the copartnership.

The petitioner in its income and profits-tax return for the year 1918, included in invested capital on account of good will alleged to have been acquired from the copartnership of G. F. Coshland & Co., the amount of $35,000, and it deducted in computing its net income, the amount of $11,494.50, as an allowance for the obsolescence of its good will. The respondent excluded from the petitioner's invested capital the amount claimed on account of good will, trade brands, etc., and also disallowed any deduction for the obsolescence of such intangibles.

OPINION.

Love: The petitioner contends that it acquired from the partnership of G. F. Coshland & Co., under the circumstances set forth in the findings of fact, good will of the value of $35,000, and that it is entitled to include that amount in its invested capital for the year

1918. It also claims the right to deduct from gross income for the year 1918, the amount of $11,494.50, as an allowance. for the obsolescence of its good will.

The record shows that in the year 1907, the petitioner purchased all of the assets of the partnership, paying therefor its capital stock of the par value of $125,000 and its promissory notes amounting to $41,060.07. The record herein does not disclose the value of the tangible assets so acquired, or of the intangible assets if there were any; nor is there any evidence as to the earnings of the partnership or other facts from which we can determine any value for alleged good will. In the absence of any admissions in the pleadings, or any evidence establishing a value for the alleged good will, we must approve the determination of the respondent in excluding from the petitioner's invested capital the amount claimed on account of good will. *St. Paul Steam Laundry* v. *Commissioner*, 6 B. T. A. 529.

Since the petitioner has failed to establish that it had good will of any value, it follows that it is not entitled to deduct from gross income for the year 1918, any amount on account of obsolescence thereof. However, under decisions of the Board in the *Appeal of Manhattan Brewing Co.*, 6 B. T. A. 952, and *Appeal of Olt Bros. Brewing Co.*, 6 B. T. A. 974, the petitioner would not be entitled to any allowance for the obsolescence of good will even if its existence and its cost or March 1, 1913, value had been established.

*Judgment will be entered for the respondent.*

Considered by LITTLETON and TRUSSELL.